IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,078






EX PARTE JOSEPH LEE MAXWELL, Applicant




 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NUMBER 1709 IN THE 31st JUDICIAL DISTRICT COURT

LIPSCOMB COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, V.A.C.C.P. Applicant was convicted of aggravated robbery and punishment
was assessed at five years imprisonment. Applicant's appeal was dismissed for want of
jurisdiction. Maxwell v. State, No. 07-02-0262-CR (Tex. App.Amarillo, delivered August
9, 2002, no pet.).

 Applicant contends that he was denied his right to a meaningful appeal when his
counsel failed to timely file notice of appeal. The trial court has entered findings of fact and
conclusions of law, based upon the record, in which it concludes that counsel rendered
ineffective assistance on appeal, and recommends that an out-of-time appeal be granted. We
agree.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number
1079 in the 31st Judicial District Court of Lipscomb County. Applicant is ordered returned
to that point in time at which he may give written notice of appeal so that he may then, with
the aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the sentence had been imposed
on the date that the mandate of this Court issues. We hold that should Applicant desire to
prosecute an appeal, he must take affirmative steps to see that written notice of appeal is
given within thirty days after the mandate of this Court has issued.

 

DELIVERED: January 26, 2005

DO NOT PUBLISH